**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-16-232-F |
| | ) | |
| DOROTHY BARNEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The court is in receipt of a document from defendant Dorothy Barney, appearing *pro se*, objecting to the "Garnish[ment]," and requesting a hearing to reject the "Garnish[ment]." Doc. no. 37. As directed, plaintiff, United States of America, has responded. Doc. no. 39. Upon review, the court finds defendant's objection and request should be denied.

I.

On August 11, 2017, defendant pleaded guilty pursuant to a plea agreement to a one count indictment charging her with disaster fraud in violation of 18 U.S.C. § 1040 and 18 U.S.C. § 2. On January 31, 2018, the court sentenced defendant to a term of imprisonment of 14 months and five years of supervised release. The court also ordered defendant pay a $100 special assessment and restitution of $14,974.83. The total amount owed by defendant was $15,074.83. The judgment provided the lump sum payment of $15,074.83 was "due immediately." However, it also provided special instructions regarding criminal monetary penalties, stating in pertinent part:

> After release from confinement, if restitution is not paid
> immediately, the defendant shall make payments of the
> greater of $250.00 per month or 10% of defendant's gross
> monthly income, as directed by the probation officer.

Doc. no. 30, ECF p. 7.

Although defendant states that she has been paying her "Fees," doc. no. 37, plaintiff has presented a payment history showing that defendant's payments on the judgment have been infrequent.

On August 23, 2023, plaintiff filed an application for a post-judgment continuing writ of garnishment. Doc. no. 34. Plaintiff stated that there was currently due and owing on the criminal judgment the sum of $16,088.38 ($14,539.83 in principal and $1,411.54 in post-judgment interest). That same day, the court issued a post-judgment continuing writ of garnishment to garnishee Sodexo, Inc., directing garnishee to withhold and retain any property in which defendant has a substantial nonexempt interest or in which defendant may obtain an interest in the future, including defendant's nonexempt disposable earnings. Doc. no. 35. Garnishee was also directed to file a written answer within 10 days of receipt of the writ. *Id*. According to the plaintiff's certificate of service, garnishee was served on August 28, 2023, by certified mail, with the writ and instructions explaining the requirement of submitting a written answer. Doc. no. 36. The certificate of service also states that defendant was served on August 23, 2023, by first class mail, with the writ application, the writ, and instructions for objecting to the garnishee's answer and for obtaining a hearing. *Id*.

To date, garnishee has not filed an answer to the writ of garnishment.

## II.

The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*, "provides civil collection remedies for the government to collect debts owed to the United States, including criminal restitution." United States v. Morris, Case

No. 08-40075-01-JAR, 2021 WL 5953765, at *1 (D. Kan. Dec. 16, 2021) (citing 28 U.S.C. § 3002(3)(B)). Specifically, § 3205 of the FDCPA authorizes the court to issue "a writ of garnishment against property in which a defendant 'has a substantial nonexempt interest' that is in the 'possession, custody, or control of a person other than the debtor.'" *Id.* (quoting 28 U.S.C. § 3205(a)).

Section 3202(d) of the Act authorizes a debtor to request a hearing on a writ of garnishment. However, the right to a hearing under § 3202(d) is not absolute. Courts routinely deny a request for hearing where the debtor does not object based on one of the issues specified in § 3202(d). United States v. Obaid, Case No. 15-20040-01-JWL, 2022 WL 3715674, * 1 (D. Kan. Aug. 29, 2022). The relevant issues specified in § 3202(d) are "(1) the probable validity of any claim of exemption by the judgment debtor, and (2) compliance with any statutory requirement for issuance of the post-judgment remedy granted." *Id.*; 28 U.S.C. § 3202(d)(1)-(2).

In her filing, defendant does not advance any claim of exemption and does not advance any claim that the writ of garnishment was not properly issued. While defendant represents that she has been paying her "Fees," doc. no. 37, ECF p. 1, her payment history does not reflect that. Indeed, defendant has made only two payments of her restitution in 2023, and one of those payments occurred on September 8, 2023, after the writ of garnishment and other documents were received by defendant. Doc. no. 39-1, ECF p. 2. Nevertheless, regardless of whether the judgment provides for a schedule of payments, the government may seek garnishment of defendant's nonexempt property "because the total amount of restitution was ordered 'due immediately' at the time of judgment." United States v. Williams, 898 F.3d 1052, 1055 (10th Cir. 2018).

Section 3205(c)(5) also allows a defendant to file an objection to the garnishee's answer and request a hearing, within 20 days after receipt of the garnishee's answer. 28 U.S.C. § 3205(c)(5). However, as stated, the garnishee has

not answered the garnishment.  As a result, the court finds no justification for a hearing pursuant to § 3025(c)(5).

III.

Accordingly, for the reasons stated, the court finds that defendant's objection and request for hearing (doc. no. 37), filed September 13, 2023, should be and is hereby **DENIED**.

DATED this 20th day of September, 2023.

_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0232p007.docx